1

2

3

4                          UNITED STATES DISTRICT COURT

5                        EASTERN DISTRICT OF CALIFORNIA

6

7   ADVANCED BUILDING &                No.  2:13-cv-02380-GEB-CKD
    FABRICATION, INC., a
8   California Corporation; and
    ROBERT HONAN, an individual,
9                                      **ORDER TO SHOW CAUSE AND**
                 Plaintiff,            **CONTINUING STATUS (PRETRIAL**
10                                     **SCHEDULING) CONFERENCE**
         v.
11
    CALIFORNIA HIGHWAY PATROL;
12  JOHN WILSON, an individual;
    CURTIS J. AYERS an
13  individual; and DOES 1 to 20,
    inclusive,
14
                 Defendants.
15

16

17          The June 27, 2014 Order to Show Cause, (ECF No. 10),

18  continued the Status (Pretrial Scheduling) Conference until

19  August 4, 2014, and required the parties to file a joint status

20  report no later than fourteen (14) days prior to the scheduling

21  conference. No status report was filed as ordered.[1]

22          Therefore, each party is Ordered to Show Cause ("OSC")

23  in a writing to be filed no later than August 4, 2014, why

24  sanctions should not be imposed against the party and/or the

25  party's counsel under Rule 16(f) of the Federal Rules of Civil

26  Procedure for failure to file a timely status report. The written

27  _____

28  [1]     This is the second occasion that the parties have failed to timely file
    a status report.

                                      1

response shall also state whether the party or the party's counsel is at fault, and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on August 18, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. **A joint status report shall be filed no later than fourteen (14) days prior to the status conference.**

IT IS SO ORDERED.

Dated:   July 23, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2]     "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

2