UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED BUILDING & FABRICATION, INC. a California corporation; ROBERT HONAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, JOHN WILSON, an individual, CRUTIS J. AYERS, an individual, and DOES 1 to 20, inclusive,<br><br>Defendants. | No. 2:13-CV-02380-GEB-CKD<br><br>**ORDER STRIKING PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Plaintiffs filed an action on September 27, 2013 against Defendants in the Superior Court of the State of California, County of Sacramento. Plaintiffs filed a First Amended Complaint ("FAC") in the same court and Defendants removed the FAC to federal court on November 15, 2013. Subsequently, Defendants filed a motion to dismiss the FAC under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and twenty-one days after the dismissal motion was filed, Plaintiffs filed a Second Amended Complaint ("SAC").

However, Plaintiffs have not shown they were authorized

to file a SAC. Rule 15(a) governs the amendment of pleadings before trial and states in part, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b). . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

"When a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court." Schnabel v. Lui, 302 F.3d 1023, 1037 (9th Cir. 2002); see also Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963) (holding that after removal, a district court "takes the case as it finds it" and "treats everything that occurred in the state court as if it had taken place in federal court."). "Because [Plaintiffs] filed [their FAC] . . . in state court prior to removal to this court, [they] already amended [their] pleading once as a matter of course. Thus, [they] could not properly file the [SAC] without first obtaining leave of the court [or the opposing party's written consent]." Manzano v. Metlife Bank N.A., No. CIV 2:11-651-WBS-DAD, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011). Therefore, Plaintiffs' SAC is stricken for failure to comply with Rule 15(a).

Dated:  June 5, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge