UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED BUILDING & FABRICATION, INC., et al., | No. 2:13-cv-2380-MCE-CKD |
| Plaintiffs, | |
| v. | ORDER |
| CALIFORNIA HIGHWAY PATROL, et al., | |
| Defendants. | |

Plaintiffs Advanced Building & Fabrication, Inc.'s and Robert Honan's (collectively "plaintiffs") motion to compel discovery and motion for sanctions against defendants California Highway Patrol and John Wilson (collectively "defendants") came on regularly for hearing on March 22, 2017.[1] ECF No. 71. Brendan Macaulay appeared for plaintiffs. William Cummings appeared for defendants. Upon review of the documents in support of the motion, upon hearing the arguments of counsel, upon review of the joint statement regarding the parties' discovery disagreement, and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

/////

/////

---

[1] Curtis Ayers is also named as a defendant to this action, but is not subject to plaintiffs' present motion.

1

1. With regard to the parties' dispute about plaintiffs' Request for Production numbers 9 and 27, defendants shall submit the entirety of defendant John Wilson's California Highway Patrol personnel file to the court for in camera review by no later than 5:00 p.m. on March 27, 2017.  The copy of the file submitted to the court shall include Bates-stamp numbers for each page.  Defendants may also submit an additional copy of John Wilson's California Highway Patrol personnel file with redactions defendants' counsel believes are necessary to conceal sensitive, non-relevant information from plaintiffs were the court to order defendants to produce some or all of the documents contained in that file.  If defendants provide the court with an additional redacted copy of the file, they shall label each page of that copy with the same Bate-stamp number pagination used for the un-redacted copy and clearly designate it as the copy containing redactions.

2. With regard to the parties' dispute about plaintiffs' Request for Production number 128, plaintiffs' motion is granted.  Defendants shall produce discovery responsive to this request for production, and, in particular, discovery relating to the whereabouts of the officers transporting evidence from the scene of the May 30, 2012 raid referenced in the second amended complaint after that incident took place, to the extent such discovery is available, by no later than March 29, 2017.

3. With regard to the parties' dispute about Deposition Exhibit 14 that was produced in response to plaintiffs' Request for Production number 32, defendants shall produce a copy of that document to plaintiffs that removes any redactions as to the names of the individuals that attended the pre-search operational planning meeting prior to the May 30, 2012 raid referenced in the second amended complaint and any vehicle call codes contained in that document.[2]  Defendants shall produce a copy of this document to plaintiffs with such redactions removed by no later than March 29, 2017.

---

[2] As discussed during the hearing, defendants may maintain any redactions in this document as to certain information that may pose a significant risk of revealing the sensitive personal information regarding individual officers or other CHP personnel, such as vehicle license plate numbers.   If defendants are unsure whether they must remove a particular redaction, they may seek the court's

4. With regard to the parties' dispute about plaintiffs' Request for Production numbers 67 and 129, plaintiffs' motion to compel is denied to the extent defendants are able to certify through their counsel's declaration discussed below that they have either already produced all responsive documents or that no responsive documents exist. However, to the extent defendants possess documents responsive to these requests that they have not already produced, they shall produce such documents by no later than March 29, 2017.

5. With regard to the parties' dispute about plaintiffs' Request for Production numbers 40, 41, 42, 98, 100, 102, 108, 114, 123, and 137, plaintiffs' request is denied to the extent defendants are able to certify through their counsel's declaration discussed below that they have either already produced all responsive documents or that no responsive documents exist. However, to the extent defendants possess documents responsive to these requests that they have not already produced, they shall produce such documents by no later than March 29, 2017.

6. With regard to the parties' dispute about plaintiffs' Request for Production numbers 118 and 136, plaintiffs' motion is granted to the extent that defendants have not already produced all documents responsive to these requests. Specifically with regard to Request for Production number 136, the court finds that defendants have not waived any privileges they may claim with regard to documents responsive to that request and may withhold such documents pursuant to claims of privilege provided that the privileged nature of each withheld document is clearly articulated and there is a good faith reason for claiming each privilege asserted.

7. By no later than March 29, 2017, defendants shall file with the court and serve on plaintiffs a declaration of defendants' counsel regarding the accuracy and completeness of defendants' responses and production with regard to each request for production at issue in plaintiffs' present motion. Specifically, defendants' counsel

---

guidance on the matter.

shall include in his declaration a certification that defendants have produced all non-privileged documents responsive to each of plaintiffs' requests for production at issue in plaintiffs' present motion, and, to the extent there are no documents responsive to a particular request, that no such documents currently exist.  Furthermore, defendants' counsel shall also include, for each request at issue, a statement detailing the efforts he has undertaken to search for responsive documents.  Finally, defendants' counsel shall also explain whether any discovery responsive to any of plaintiffs' requests at issue no longer exists because it was lost or destroyed, and, if so, how and why such discovery was lost or destroyed.

8. By no later than March 29, 2017, defendants shall produce to plaintiffs a supplemental privilege log setting forth, document by document, the general nature of the withheld document, the identities and positions of the document's author(s), the date on which the document was created, the identities and positions of all recipients of that document, and the specific reason(s) why that document is being withheld.

9. Insofar as plaintiffs request the court's leave to take further depositions of defendant Wilson and California Highway Patrol's Rule 30(b)(6) witnesses, that request is denied without prejudice to renewal after defendants have completed the further production compelled by this order.  After defendants have completed such production, counsel for the parties shall meet and confer to discuss whether further depositions are necessary in light of defendants' further production.  If the parties cannot reach an agreement on this matter, then plaintiffs may renew their request by scheduling an informal telephonic conference before the undersigned.

10. With regard to plaintiffs' proposed protective order, the court finds that such an order is warranted in this action, but does not adopt plaintiffs' proposed order as of this time.  Instead, counsel for the parties are ordered to meet and confer with one another by no later than March 27, 2017 regarding the possibility of submitting a stipulated protective order for the court's approval.  If the parties are unable to reach a stipulation as to a protective order after they have met and conferred, then plaintiffs

4

may submit a proposed protective order for the court's review, and the court will subsequently issue such an order with terms it deems necessary.

11. Plaintiffs' motion for sanctions is denied without prejudice to its renewal after defendants have produced the discovery compelled through this order, and provided that plaintiffs can provide further details regarding what relevant potential discovery was lost or destroyed through defendants' actions and why those actions warrant the sanctions requested.

Dated: March 23, 2017

_CAROLYN K. DELANEY_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 AdvancedBuilding2380.mtc