UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED BUILDING & FABRICATION, INC., et al., <br><br>Plaintiffs, <br><br>v. <br><br>CALIFORNIA HIGHWAY PATROL, et al., <br><br>Defendants. | No. 2:13-cv-02380-MCE-CKD <br><br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiffs Advanced Building & Fabrication, Inc., and Robert Honan (collectively "Plaintiffs") seek to recover from Defendants California Highway Patrol ("CHP"), CHP Officer John Wilson, and Board of Equalization employee Curtis Ayers (collectively "Defendants") for injuries arising out of the search of Plaintiffs' premises and Honan's arrest.  Presently before the Court are Defendants' Motions for Summary Judgment (ECF Nos. 94 and 103) and both sides' Motions to Modify the Court's Pretrial Scheduling Order ("PTSO") (ECF Nos. 113 and 127).  For the reasons set forth below, all of these Motions are DENIED.[1]  A separate order setting this matter for trial will follow.

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with E.D. Local Rule 230(g).

# THE DEFENDANTS' RULE 56 MOTIONS

Defendants' Motions for Summary Judgment (or alternatively for partial summary judgment) are not well taken. Without delving into all of the details of each of the substantive claims and defenses raised, suffice it to say that there are a multitude of material questions of fact (including issues of credibility on both sides) precluding resolution of this case short of trial. The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying the summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the

1 burden then shifts to the opposing party to establish that a genuine issue as to any
2 material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
3 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89
4 (1968).
5    In attempting to establish the existence or non-existence of a genuine factual
6 dispute, the party must support its assertion by "citing to particular parts of materials in
7 the record, including depositions, documents, electronically stored information,
8 affidavits[,] or declarations . . . or other materials; or showing that the materials cited do
9 not establish the absence or presence of a genuine dispute, or that an adverse party
10 cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The
11 opposing party must demonstrate that the fact in contention is material, i.e., a fact that
12 might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby,
13 Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Ass'n of W. Pulp &
14 Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also
15 demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is
16 such that a reasonable jury could return a verdict for the nonmoving party." Anderson,
17 477 U.S. at 248. In other words, the judge needs to answer the preliminary question
18 before the evidence is left to the jury of "not whether there is literally no evidence, but
19 whether there is any upon which a jury could properly proceed to find a verdict for the
20 party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251
21 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court
22 explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its
23 opponent must do more than simply show that there is some metaphysical doubt as to
24 the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as
25 a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
26 'genuine issue for trial.'" Id. at 587.
27 ///
28 ///

3

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

The factual disputes in this case are not only material, they are overwhelming in number.  From the outset, it is disputed whether a warrant ever should have issued in the first place, whether the execution of that warrant was proper, or whether the search of Plaintiffs' properties was facilitated through fraudulent means.  Indeed, the parties present very different versions of how this case evolved from what appears to have been some sort of minor dispute between Plaintiff Honan and Defendant Ayers into years of full-fledged litigation during which both sides purportedly engaged in conduct designed to make it harder to uncover the truth.  Accordingly, having considered the record in its entirety, including the arguments of all parties, the Court concludes it cannot resolve any of the issues raised by the parties without itself sitting as the finder of fact.  Both Motions for Summary Judgment are thus DENIED.

**THE PARTIES' MOTIONS TO AMEND THE PTSO**

Both sides also filed Motions to Modify the Court's PTSO to extend the existing discovery deadlines for their own limited, and mutually exclusive, purposes.  Neither motion is supported by the showing of good cause required to warrant amending the existing scheduling order, and both motions are thus DENIED.

Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).  Prior to the final pretrial conference in this matter

the Court can modify its PTSO upon a showing of "good cause." See Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

     This case was initiated in 2013 and the discovery deadlines have already been continued on multiple occasions well into 2017. Regardless of the ample time already having been permitted for discovery, neither pending Motion shows that any of the parties acted with sufficient diligence both in pursuing their pretrial discovery obligations and in pursuing their instant requests for relief. To the contrary, the record reflects that delay and a lack of transparency on both sides may have prevented everyone involved from developing a better record. The rules do not, however, guarantee the best record possible, and the Court's scheduling order takes precedence in instances where, as here, the parties' predicaments are largely the result of their own making. Accordingly, both Motions to Amend the PTSO are DENIED for failure to make the requisite good cause showing under Rule 16. Discovery is closed, and this case will be set for trial.

///
///
///
///
///
///
///

**CONCLUSION**

Defendants' Motions for Summary Judgment (ECF Nos. 94 and 103), and both Defendants' and Plaintiffs' Motions to Amend the PTSO (ECF Nos. 113 and 127) are DENIED.  A scheduling order setting this matter for trial will follow.

IT IS SO ORDERED.

Dated:  July 26, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE