UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED BUILDING & FABRICATION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:13-cv-02380-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiffs Advanced Building & Fabrication, Inc., and Robert Honan (collectively "Plaintiffs") seek to recover from Defendants California Highway Patrol ("CHP"), CHP Officer John Wilson, and Board of Equalization employee Curtis Ayers (collectively "Defendants") for injuries arising out of the search of Plaintiffs' premises and Honan's arrest.[1] In July 2017, the Court denied Defendants' Motions for Summary Judgment, among other motions, after which Defendants appealed. ECF Nos. 140-141, 148. The final mandate for Defendants' various appeals was handed down in July of this year. In the meantime, Plaintiffs' counsel filed a notice of withdrawal of counsel indicating that new counsel had been substituted in at the appellate level and would now be representing Plaintiffs. ECF No. 153. Presently before the Court are

---
[1] Plaintiff has since reached a settlement with Mr. Ayers, who is no longer a party to this action.

1

Plaintiffs' Motion for an Order to Show Cause as to why Plaintiffs' former counsel (hereafter "Former Counsel") should not be sanctioned (ECF No. 165) for withdrawing in this Court without Plaintiffs' approval and Plaintiffs' Motion to Amend the Complaint and to Reopen Discovery (ECF No. 168). For the following reasons, both Motions are DENIED.[2]

**ANALYSIS**

    **A.**    **Request for Sanctions**

By way of Plaintiffs' first Motion, they seek an order: (1) imposing monetary sanctions against Former Counsel for filing a purportedly premature notice of substitution of counsel; (2) reinstating Former Counsel to represent Plaintiffs here; and (3) requiring Former Counsel to turn over to Plaintiffs all relevant client files. The gist of Plaintiffs' argument is that they intended to substitute new counsel in for appellate purposes only and that their Former Counsel was supposed to continue representing Plaintiffs for trial purposes on remand.

Based on the record in its entirety, though, it appears that Plaintiffs intended to relieve Former Counsel of their obligations with regard to this case as a whole. For example, Plaintiffs requested the relinquishment of the entire trial file. If Plaintiffs intended to retain Former Counsel for any purpose, they would have needed to retain some files. Moreover, the substitution filed both before the Ninth Circuit and here, indicated that the substitution was intended for the "above-captioned" case, so it was reasonable for Former Counsel to believe he had been permanently discharged by his client.

Regardless, given the fractured relationship between the parties in this case, and Plaintiffs' agreement with appellate counsel to represent them here until substitute

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

counsel may be obtained, reinstating Former Counsel makes no practical sense. Nor did Former Counsel's withdrawal violate the local rules since Plaintiffs were not left in pro per by the withdrawal.

Finally, the Court is not convinced that counsel have properly attempted to meet and confer with regard to the transfer of any remaining files in the possession of Former Counsel. Accordingly, there is no need for a court order directing the production of documents when Former Counsel has already indicated a willingness to provide those files to Plaintiffs' new counsel. There is no dispute to resolve with respect to the files.

In sum, having considered the entire record, including the statements of both parties, the Court declines to impose sanctions. The motion for an order to show cause is thus DENIED. If the parties are unable to informally resolve the transfer of any remaining files, any such dispute may be raised before the assigned magistrate judge in the first instance.

**B.     Motion to Amend**

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure,[3] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the

///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

moving party's reasons for seeking modification," a court may make its determination by noting the prejudice to the other parties. Id.

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Id. at 608. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

Not only has a scheduling order issued here, such that Plaintiffs must confront Rule 16(b)'s good cause threshold, but discovery is already closed and dispositive motion deadlines have passed. In light of the posture of this case, Plaintiffs have not remotely demonstrated that they were diligent in seeking the requested amendments. This action was initiated in 2013 based on events that occurred in 2012, but Plaintiffs now contend amendment is necessary to add a host of new Defendants that have been known to the parties for years. Regardless of whether Plaintiffs believe Former Counsel should have joined all of these additional individuals, they have had years to attempt to ensure such joinder was effectuated. Given the lack of evidence that Plaintiffs acted diligently, they cannot show good cause under Rule 16(b), and their instant Motion is DENIED.

**CONCLUSION**

Plaintiffs' Motion for an Order to Show Cause (ECF No. 165) and Motion to Amend the Complaint and Reopen Discovery (ECF No. 168) are DENIED. The Clerk of
///

the Court shall re-terminate counsel associated with the law firm Nossaman, Guthner, Knox & Elliott, LLP.

Not later than thirty (30) days following the date this Order is electronically filed, the parties are directed to file a Joint Notice of Trial Readiness the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. The parties' Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. Plaintiffs' estimate shall also include the time necessary for jury selection, and Defendants' estimate shall include the time necessary to finalize jury instructions and instruct the jury.

This Court is in session for jury selection, opening statements, presentation of evidence, closing arguments, and instruction of the jury Monday through Wednesday, only. Jury deliberations only are Monday through Friday if necessary. During trial days, the Court adheres to the following schedule: presentation of evidence 9:00 a.m.-4:30 p.m. with a twenty (20) minute morning and afternoon recess (10:30 a.m. and 3:00 p.m.) and an hour and a half lunch recess (12:00-1:30 p.m.).

After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial.

IT IS SO ORDERED.

DATED: November 19, 2019

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE