UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED BUILDING & FABRICATION, INC., et al.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:13-cv-02380-DAD-CKD<br><br>ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER TO PERMIT THE FILING OF A SECOND MOTION FOR SUMMARY JUGDMENT<br><br>(Doc. No. 220) |

This matter came before the court on November 7, 2023 for a hearing on defendants' motion to modify the scheduling order to permit them to file a second motion for summary judgment. (Doc. No. 220.) Attorneys Ronald R. Poirier, Jr., and William Allen Lapcevic appeared by video on behalf of plaintiffs Advanced Building & Fabrication, Inc., and Robert Honan. Attorney Lee Roistacher appeared by video on behalf of defendants California Highway Patrol and John Wilson. For the reasons explained below, defendants' motion to modify the scheduling order will be denied.

**BACKGROUND**

On November 15, 2013, plaintiffs filed the complaint initiating this civil rights action arising out of defendants' execution of a search warrant at plaintiffs' premises in May 2012. (Doc. No. 1.) This case has now been pending before the court for 10 years.

1

On June 16, 2015, the operative second amended complaint was filed, asserting one claim under 42 U.S.C. § 1983 and nine state law claims. (Doc. No. 34.) After initially scheduling the case and entering a few modifications pursuant to the parties' stipulations and requests, the court issued an amended scheduling order on January 5, 2017 that set a dispositive motion hearing deadline of May 22, 2017. (Doc. No. 66.)

Defendants filed a timely motion for summary judgment arguing, *inter alia*, that plaintiffs' state law claims were barred because defendants were entitled to immunity under California Government Code § 821.6. (Doc. No. 94.) The previously assigned district judge denied defendants' motion for summary judgment in July 2017, (Doc. No. 140)[1], and defendants appealed that denial to the Ninth Circuit Court of Appeals. (Doc. No. 141). On March 13, 2019, the Ninth Circuit issued its decision, affirming in part and reversing in part this court's order denying summary judgment. (Doc. Nos. 154–157.) As relevant here, the Ninth Circuit concluded that

> [t]he district court did not err in denying Defendants immunity under California Government Code section 821.6. We are bound by our prior decision interpreting immunity under section 821.6 to be limited to claims of malicious prosecution. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016). Absent any claim of malicious prosecution, section 821.6 does not apply.

(Doc. No. 156 at 5.) Plaintiffs do not assert any malicious prosecution claims in this case. (*See* Doc. No. 34.)

/////

---

[1] The court explained in its order denying summary judgment that

> [t]he factual disputes in this case are not only material, they are overwhelming in number. From the outset, it is disputed whether a warrant ever should have issued in the first place, whether the execution of that warrant was proper, or whether the search of Plaintiffs' properties was facilitated through fraudulent means. Indeed, the parties present very different versions of how this case evolved from what appears to have been some sort of minor dispute between Plaintiff Honan and Defendant Ayers into years of full-fledged litigation during which both sides purportedly engaged in conduct designed to make it harder to uncover the truth.

(Doc. No. 140 at 4.)

On remand, after first resolving some issues regarding the status of plaintiffs' counsel of record in this action, the court directed the parties to file a joint notice of trial readiness, which they did in December 2019, indicating their availability for trial after May 2020. (Doc. Nos. 180–82.) Nevertheless, due to the court's unavailability and the COVID-19 pandemic, the court did not promptly set the case for trial. (*See* Doc. No. 183.) A trial date of July 19, 2021 was eventually set by the court but was subsequently vacated, as was the trial setting status conference that had been set thereafter. (Doc. No. 186, 194.)

With no trial date set, on March 10, 2022, defendants filed a motion to stay proceedings in this case pending a decision by the California Supreme Court in *Leon v. County of Riverside*, 64 Cal. App. 5th 837, 846 (2021), *review granted* (No. S269672) 493 P.3d 789 (Aug. 18, 2021). The issue presented in the *Leon* appeal was whether § 821.6 immunity applies only to actions for malicious prosecution or applies beyond malicious prosecution claims. (Doc. No. 206.) Defendants had argued in that motion to stay that the state appellate court in *Leon* had correctly held that § 821.6 "immunity applies broadly to any claim arising out of investigation and prosecution activities" and that if the California Supreme Court affirmed that holding and decided that § 821.6 "immunity applies beyond malicious prosecution claims, the immunity will likely apply to most if not all of plaintiffs' state law claims (or at least portions of them)" in this case. (Doc. No. 206-1 at 6.) On August 29, 2022, the court denied defendants' motion to stay. (Doc. No. 211.)[2]

On June 22, 2023, the California Supreme Court issued its opinion in *Leon*, reversing the lower appellate court's decision and clarifying that § 821.6 confers immunity "from claims of injury caused by wrongful prosecution" but it does not confer "immunity from claims based on other injuries inflicted in the course of law enforcement investigations." *Leon v. Cnty. of Riverside*, 14 Cal. 5th 910, 915 (2023). Contrary to defendants' expectation as expressed in their

---

[2] Aside from an attorney substitution, there was no activity in this case following the court's denial of defendants' motion to stay until July 24, 2023, when this case was reassigned to the undersigned. (Doc. No. 215.) The next day, the court directed the parties to file an updated status report to assist the court in setting dates for a final pretrial conference and trial. (Doc. No. 217.) After considering the defendants' updated status report, the court scheduled a final pretrial conference for March 12, 2024 and a jury trial for May 20, 2024. (Doc. Nos. 218, 219.)

1    motion to stay, in *Leon*, the California Supreme Court held that "[§] 821.6 does not broadly

2    immunize police officers or other public employees for any and all harmful actions they may take

3    in the course of investigating crime." *Id.*

4        Nevertheless, on September 14, 2023, defendants filed the pending motion to modify the

5    scheduling order to permit them to file a second motion for summary judgment, in which they

6    would renew their arguments that plaintiffs' state law claims are barred by § 821.6, in light of the

7    clarification provided by the California Supreme Court in *Leon*. (Doc. No. 220.) On October 10,

8    2023, plaintiffs filed an opposition to the pending motion, emphasizing that the decision in *Leon*

9    "did not change the law in a way favorable to defendants" because their claims "do not stem from

10   the institution or prosecution of an official proceeding." (Doc. No. 222 at 2, 5.) On October 20,

11   2023, defendants filed a reply in support of their pending motion. (Doc. No. 231.)

## LEGAL STANDARD

13       "The decision to modify a scheduling order is within the broad discretion of the district

14   court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Pursuant to

15   Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good

16   cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party seeks to

17   modify the scheduling order, including the reopening of law and motion after the dispositive

18   motion filing deadline has passed, that party must first show "good cause." *See Zivkovic v. S.*

19   *Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,*

20   975 F.2d 604, 608 (9th Cir. 1992). In *Johnson*, the Ninth Circuit explained that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

27   975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et

28   al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify

4

the modification of a scheduling order necessarily varies with the circumstances of each case.").

A party may demonstrate good cause to modify a scheduling order where it shows that: (i) it has been diligent in assisting the court in creating a workable scheduling order; (ii) despite its diligent efforts to comply with the deadline in the scheduling order, its noncompliance was due to developments that were not reasonably foreseen or anticipated; and (iii) it was diligent in seeking to modify the scheduling order. *See Dickey v. Vital One Health Plans Direct, LLC*, No. 1:18-cv-01399-DAD-BAM, 2019 WL 3892374, at *1–2 (E.D. Cal. Aug. 19, 2019).

In addition, "[t]he Supreme Court 'has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Certified Nutraceuticals, Inc. v. Clorox Co.*, No. 3:18-cv-744-TJW-KSC, 2022 WL 623868, at *1 (S.D. Cal. Mar. 3, 2022) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016)).

**ANALYSIS**

Here, as a preliminary matter, the court finds that defendants were diligent in seeking to modify the scheduling order given that the basis for their motion is the California Supreme Court's opinion in *Leon*, which was issued on June 22, 2023 and for which the remittitur was issued on July 24, 2023. *See Leon v. Cnty. of Riverside*, No. S269672, Docket. Defendants filed the pending motion on September 14, 2023, just six weeks after the time for further review in *Leon* passed. Moreover, in the updated status report that defendants filed on August 23, 2023, defendants had indicated their intent "to renew or seek reconsideration of the prior summary judgment order." (Doc. No. 218 at 3.)

The court does not find, however, that defendants have established good cause to modify the scheduling order for that purpose. The court is aware that it has the "discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 909 (9th Cir. 2010). "Allowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial." *Id.* at 912. But that is not the case here. Permitting defendants to file a second motion for summary judgment addressing § 821.6 does not, in any way, appear to be appropriate or an efficient use of the parties' and court's resources. Not only

1 has this case been pending for **ten years**, but defendants' proposed second motion for summary
2 judgment would not eliminate the need for a trial altogether.  Defendants argue that entertaining
3 their proposed second motion for summary judgment would likely narrow the scope of the trial to
4 just one federal § 1983 claim, but that argument is misplaced in the court's view.  At the hearing
5 on the pending motion, defendants conceded that at least some of plaintiffs' state law claims
6 would remain for trial as well because § 821.6 immunity does not apply to those claims.
7 Furthermore, the court's order denying defendants' first motion for summary judgment
8 emphasized the overwhelming number of material factual disputes, and defendants have not
9 addressed in the pending motion how their proposed second motion for summary judgment would
10 be any more amenable to resolution on summary judgment than their first motion.  Thus, the
11 court readily concludes that the granting of defendants' motion to modify the scheduling order
12 would only serve to further delay the trial in this case and would offer little to no savings for all
13 concerned, particularly this court which has one of the heaviest caseloads in the nation and a
14 significant backlog of submitted motions awaiting decision.[3]

Defendants' motion to modify the scheduling order (Doc. No. 220) will, therefore, be denied.

## CONCLUSION

For the reasons explained above,

1. Defendants' motion to modify the scheduling order (Doc. No. 220) is denied;
2. This case will proceed as scheduled to a final pretrial conference on March 12, 2024 and to a jury trial on May 20, 2024 (*see* Doc. No. 219); and

/////
/////
/////
/////

---

[3] The court pauses to note that the court's decision in this regard does not limit or foreclose defendants' ability at trial to raise § 821.6 immunity as a defense to the claims for which that statutory immunity applies, in light of *Leon*'s clarification.

3. The parties are reminded to carefully review the court's Standing Order (Doc. No. 216) and comply with all requirements set forth therein, particularly with regard to the filing of a joint pretrial statement in advance of the final pretrial conference.

IT IS SO ORDERED.

Dated: **November 9, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE